UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EMMANUEL GONZALEZ, ET AL.                              CIVIL ACTION

VERSUS                                                         NO. 24-1985

WALMART, INC.                                              SECTION "R" (1)

## ORDER AND REASONS

Before the Court defendant's motion to continue trial, pretrial, and associated deadlines.[1] Defendants state that a continuance is necessary because of other case matters for counsel for both parties and the transition back from maternity leave for lead counsel for defendant.

Federal Rule of Civil Procedure 16(b) provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's

---

[1]    R. Doc. 22.

"judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (internal quotation marks omitted)).

Defendant has not demonstrated good cause for modifying the scheduling order. At this juncture discovery remains open and trial is not set until May 4, 2026.[2] Defendant does not explain how the deadlines as they currently stand cannot be met despite exercising diligence. Accordingly, the Court DENIES the motion.

New Orleans, Louisiana, this  29th  day of January, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[2]    R. Doc. 21.