UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EMMANUEL GONZALEZ AND                                    CIVIL ACTION
ARIELLE JARREAU

VERSUS                                                             NO. 24-1985

WALMART INC.                                                  SECTION "R" (1)

## ORDER AND REASONS

Before the Court is the joint motion of plaintiffs and defendant to amend the scheduling order.[1] Defendant previously moved for a continuance,[2] which this Court denied on January 29, 2026.[3]

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434

---

[1]   R. Doc. 25.
[2]   R. Doc. 22.
[3]   R. Doc. 24.

(5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (internal quotation marks omitted)).

The parties contend that a continuance is necessary for several reasons. First, the parties state that the case was "largely paused" due to an agreement that the parties had amongst themselves. This reason is uncompelling. The parties do not get to set their own discovery schedule or pick and choose which deadlines to follow. Next the parties state that plaintiff is now incarcerated, and this has materially impacted his ability to participate in this case. This development constitutes good cause for a modification of the scheduling order. Finally, the parties state that counsel for plaintiff "may" be unavailable for the May 2026 current trial date. As the Court has already determined that good cause exists for an extension based on the second given reason, the Court need not address whether the potential future conflict provides good cause to modify deadlines at this juncture.

The Court finds that the parties have shown good cause to continue the trial and unexpired associated deadlines. Accordingly, the Court continues

the trial and associated unexpired deadlines to be reset at a scheduling conference held BY TELEPHONE on **MARCH 5, 2026, at 10:00 a.m.** The parties shall call in for the teleconference using phone number (833) 990-9400, Access Code: 124518418.  The Court will be represented by its Case Manager at the scheduling conference.  All deadlines that have already expired are not reset.

New Orleans, Louisiana, this 9th day of February, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE